THERESA KIEVMAN, Plaintiff-Appellant, *v.* EDWARD HOSPITAL *et al.*, Defendant-Appellees.

Second District   No. 83—283

Opinion filed February 29, 1984.

Michael J. Radtke, of Goldberg & Goldberg, and Carl Nusbaum and John B. Schwartz, both of Mitgang, Levine & Schwartz, both of Chicago, for appellant.

Kathleen C. West and Craig J. Cobine, both of Hennessy, Dommermuth, Brestal, Cobine, Roth & West, of Naperville, for appellees.

JUSTICE VAN DEUSEN delivered the opinion of the court:

Plaintiff, Theresa Kievman, filed a complaint for medical malpractice against defendants, Edward Hospital and Dr. Manouchehr Foroutan, for alleged injuries rising out of defendants' treatment of plaintiff when she underwent foot surgery. Defendant, Edward Hospital District (Hospital), a municipal corporation which operated Edward Hospital, moved to dismiss the complaint against it, alleging, *inter alia*, that it was a local public entity and that plaintiff failed to give the Hospital notice of the injury as required by statute (Ill. Rev. Stat. 1981, ch. 85, par. 8—102). In an order entered on February 28, 1983, the trial court granted the Hospital's motion to dismiss with prejudice. Dr. Foroutan filed a separate motion to dismiss plaintiff's complaint on the grounds that the statute of limitations had run. The trial court granted Dr. Foroutan's motion but permitted plaintiff leave to file an amended complaint against Dr. Foroutan.

Plaintiff subsequently sought leave to file an amended complaint, naming both Dr. Foroutan and the Hospital as defendants. The Hospi-

tal objected on the grounds that the complaint against it had been previously dismissed, and that the amended complaint contained no new allegations against the Hospital which would excuse compliance with the statutory notice requirements. In an order entered on March 18, 1983, the trial court granted plaintiff's motion to file her amended complaint and, in the same order, struck count I of the amended complaint as against Edward Hospital. The court further ordered that there was no just reason for delay or enforcement of its prior February 28 order and that such order was final and appealable.

Plaintiff takes this appeal solely from the trial court's February 28, 1983, order granting with prejudice the defendant Hospital's motion to dismiss the original complaint against it pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619).

■ The defendant Hospital contends that the plaintiff, by filing with the court's consent an amended complaint against the defendant Hospital, is precluded from appealing the order of dismissal of her original complaint. We agree. The recent opinion of the supreme court in *Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150, is dispositive of this issue. In *Foxcroft*, the supreme court rejected the proposition that following the filing of an amended complaint, the original complaint may nevertheless be considered on review where plaintiff did not manifest an intent to abandon the original pleading; rather, the court adhered to the well-established principle that a party who files an amended pleading waives any objection to the trial court's ruling on any former complaint. (96 Ill. 2d 150, 153-54.)

 " 'Where an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn.' *Bowman v. County of Lake* (1963), 29 Ill. 2d 268, 272." 96 Ill. 2d 150, 154.

■ In the present case the plaintiff's original complaint asserted, *inter alia*, that the Hospital was responsible under the doctrine of respondeat superior for the actions of Dr. Foroutan as its employee. In count I of her amended complaint, plaintiff abandoned this theory but otherwise repeated the allegations of the original pleading against the Hospital. The particular allegations of that original complaint which were repeated in the amended complaint are not waived (*Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150, 155), and their repetition preserved them for review. However, if plaintiff sought to effect appellate review of the trial court's

190

dismissal of count I of her amended complaint containing the repeated allegations, she should have appealed the court order of March 18, 1983, not the order of February 28, 1983.

The record confirms that plaintiff did not seek to appeal the order of March 18. A notice of appeal must specify the judgment or portion thereof appealed from. (87 Ill. 2d R. 303(c)(2); *Pickle v. Curns* (1982), 106 Ill. App. 3d 734, 737.) An order not specified in the notice of appeal cannot be reviewed even though it relates to the same subject matter and involves relief similar to a prior order which is specified in the notice of appeal. (*In re Custody of Roberts* (1982), 107 Ill. App. 3d 913, 919; see *Mooring v. Village of Glen Ellyn* (1978), 57 Ill. App. 3d 329; compare *Pickle v. Curns* (1982), 106 Ill. App. 3d 734.) This is true even though the subsequent, unspecified order would have made the prior order appealable. (See *Atkinson v. Atkinson* (1981), 87 Ill. 2d 174, *cert. denied* (1982), 456 U.S. 905, 72 L. Ed. 2d 162, 102 S. Ct. 1751; compare *Strozewski v. Sherman Equipment Co.* (1979), 76 Ill. App. 3d 266.) Under these circumstances, the appeal must be dismissed.

There is another reason why the order of February 28, 1983, dismissing the original complaint is not appealable; it is no longer a final order. A final order terminates the litigation between the parties (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 112-13), and an order dismissing a complaint with prejudice is such a final order (*Brainerd v. First Lake County National Bank* (1971), 1 Ill. App. 3d 780). The order of February 28, 1983, as originally entered in this matter, was a dismissal with prejudice and a final order. The trial court's order of March 18, 1983, granting plaintiff leave to file an amended complaint against the Hospital, modified the February 28, 1983, order and effected a vacation of that portion of the prior order which stated that the dismissal was "with prejudice." Pursuant to the March 18, 1983, order, plaintiff filed an amended complaint and in count I asserted an alleged cause of action against the Hospital. Plaintiff thereby renewed the litigation between the parties. Thereafter, the dismissal order of February 28, 1983, was not a final order, and the trial court's finding that it was final does not make it so. (See *Martino v. Barra* (1967), 37 Ill. 2d 588; *Mexicali Club, Inc. v. Liquor Control Com.* (1976), 37 Ill. App. 3d 797.) Since the earlier order was not final, it cannot support an appeal under Supreme Court Rule 304(a). See *Peterson v. Tazewell County* (1975), 29 Ill. App. 3d 915, 916; 87 Ill. 2d R. 304(a).

Based on the foregoing discussion, we dismiss plaintiff's present appeal. Further, pursuant to the precedent of *Ariola v. Nigro* (1958),

13 Ill. 2d 200, and the subsequent decision of *Robinson v. City of Geneseo* (1966), 77 Ill. App. 2d 308, we deem it desirable to dismiss this appeal with the specific declaration that if the trial court, upon application of the appellant, dismisses count I of plaintiff's amended complaint in the form of a final and appealable judgment, we will address any appeal from that judgment without requiring the parties to reprint their briefs and we will decide the appeal on the record as thus supplemented and on the briefs previously filed in this cause.

Appeal dismissed with directions.

LINDBERG and HOPF, JJ., concur.