JUDITH KINCAID, Adm'r of the Estate of Lonnie G. Kincaid, Deceased, Plaintiff-Appellant, v. PARKS CORPORATION *et al.*, Defendants-Appellees (AAA Equipment Service Company, Clarklift of Quincy, Inc., Third-Party Defendant).

Fourth District   No. 4—84—0336

Opinion filed April 4, 1985.

Richard P. O'Connell, Ltd., of Quincy, for appellant.

Delmer R. Mitchell and Ted M. Niemann, both of Schmiedeskamp, Robertson, Neu & Mitchell, of Quincy, for appellees Garrelts Wholesale, Inc., and Abbott Automotive Supply, Inc.

Grady E. Holley, of Holley, Keith & Mehlick, and Carol J. Hansen-Fines, both of Springfield, for appellee Parks Corporation.

JUSTICE TRAPP delivered the opinion of the court:

Plaintiff Judith Kincaid brought this wrongful death action as administrator of her husband's estate. She alleged her husband died as a result of inhalation of acid that he had used during the course of his employment. Defendant Parks Corporation packaged and labeled the acid and sold it to defendant Garrelts Wholesale, Inc., which, in turn, resold it to defendant Abbott Automotive Supply, Inc. Abbott later resold the acid to decedent's employer, third-party defendant AAA Equipment Service Company, Clarklift of Quincy, Inc.

Plaintiff filed a complaint against Parks, Garrelts, and Abbott in December 1980. Pursuant to defendants' motions, her complaint was dismissed but she was given leave to amend. Her first amended complaint was dismissed on her own motion. In December 1983, plaintiff filed a second amended complaint consisting of 14 counts. The following counts were brought separately against each defendant: one count in strict liability in tort alleging the acid was improperly labeled; a second count in strict liability alleging the acid was unreasonably dangerous for its intended purpose; a negligence count; and a count for breach of an implied warranty of merchantability. Additionally, plaintiff brought counts against Abbott alone for oral misrepresentation and breach of an implied warranty of fitness for a particular purpose.

Defendants filed motions to dismiss various counts of the second amended complaint. The trial court dismissed the second strict liability count against each defendant but granted plaintiff leave to amend

these counts. The court dismissed "with prejudice" the counts based on an implied warranty of merchantability because of a lack of privity. Finally, the court dismissed the last two counts brought against Abbott with prejudice, also for lack of privity.

Thereafter, plaintiff amended her second amended complaint. This complaint contained five counts: count I against Parks based on strict liability in tort, count II against Parks under a negligence theory, count III against Abbott for strict liability, count IV against Abbott under a negligence theory, and count V against Garrelts for strict liability. During the course of the jury trial, plaintiff voluntarily dismissed both Abbott and Garrelts. The jury returned a verdict in favor of Parks. Following the trial, plaintiff again amended her complaint. This complaint contained only a strict liability count and a negligence count, both brought against Parks.

■ Plaintiff appeals, contending the trial court erred in dismissing counts from her second amended complaint "with prejudice." She maintains section 2—318 of the Uniform Commercial Code (Ill. Rev. Stat. 1983, ch. 26, par. 2—318) dispenses with any privity requirement under her implied warranty counts. Defendants assert plaintiff waived any objection with regard to the court's rulings on her second amended complaint by filing a later complaint. The supreme court has recently held that "allegations in former complaints, not incorporated in the final amended complaint, are deemed waived." *Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150, 155, 449 N.E.2d 125, 127.

■ Plaintiff maintains the rule in *Foxcroft* must be limited to cases where a count is dismissed but leave to replead the count is granted. Plaintiff contends this case is factually distinguishable from *Foxcroft* because the trial court dismissed counts from her second amended complaint "with prejudice." A dismissal with prejudice is tantamount to an adjudication on the merits. (*Van Slambrouck v. Marshall Field & Co.* (1981), 98 Ill. App. 3d 485, 487, 424 N.E.2d 679, 682.) The trial court, however, need not have added the words "with prejudice." All dismissals, other than ones for lack of jurisdiction, improper venue, or failure to join an indispensable party, operate as an adjudication on the merits unless the order or a statute specifies otherwise. 87 Ill. 2d R. 273.

Despite plaintiff's contention, we find *Foxcroft* indistinguishable from the present case. In *Foxcroft*, members of the Townhome Owners Association brought suit against the builder and developer of their condominiums. The original complaint contained three counts: count I alleged a breach of an implied warranty of habitability; count

II asserted a negligence theory; and count III alleged breach of a fiduciary relationship. Pursuant to defendant's pretrial motion, the court dismissed counts II and III for failure to state a cause of action. The court refused to dismiss count I as to those plaintiffs who purchased directly from defendant, but the court granted the motion as to subsequent purchasers because they were not in privity with defendant. Thus, at least one count in *Foxcroft* was dismissed on the same grounds on which the counts in this case were dismissed.

Plaintiffs in *Foxcroft* thereafter filed an amended complaint. Count I, brought on behalf of original purchasers, alleged breach of an implied warranty of habitability. Count II, also brought on behalf of original purchasers, was based on a negligence theory. Count III asserted the same negligence theory on behalf of subsequent purchasers. On defendant's motion, the trial court dismissed count III. Plaintiffs later filed a motion for reconsideration of the orders dismissing, as to subsequent purchasers, counts I and II of the original complaint as well as count III of the amended complaint. This motion was denied, indicating the trial court would not have allowed plaintiffs leave to replead those counts.

On appeal in *Foxcroft*, the subsequent purchasers asserted the trial court erred in dismissing counts I and III of the original complaint. The appellate court found the trial court had properly dismissed these counts "on the merits." (*Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1982), 105 Ill. App. 3d 951, 955-56, 435 N.E.2d 210, 214.) On appeal, the supreme court refused to reach the merits of the issue, holding that plaintiffs had waived any objection to the trial court's rulings on their original complaint. The court rejected plaintiffs' contention that the original complaint could be considered on review because they had not manifested an intent to abandon the original counts. The court also declined to follow *Enlow v. Illinois Central R.R. Co.* (1968), 103 Ill. App. 2d 269, 243 N.E.2d 847, which had held that when a trial court dismissed the original complaint on the merits, indicating it would not accept the theory of the original complaint as stated, plaintiff, in pleading over on the basis suggested by the trial court, does not waive dismissal of the original complaint. Instead, the court decided to adhere to the well-established principle that a party who files an amended pleading waives any objection to the trial court's ruling on former complaints. *Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150, 153-54, 449 N.E.2d 125, 126.

The arguments that plaintiff now asserts were rejected in

*Foxcroft.* Moreover, we note the rule in *Foxcroft* has already been applied when a count in a former complaint was dismissed "with prejudice." *Kievman v. Edward Hospital* (1984), 122 Ill. App. 3d 187, 460 N.E.2d 901.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

GREEN, P.J., and MILLS, J., concur.