DAVID L. PETROWSKY *et al.*, Plaintiffs-Appellants, v. FAMILY SERVICE OF DECATUR, INC., *et al.*, Defendants-Appellees.

Fourth District No. 4—87—0262

Opinion filed December 30, 1987.

Donald E. Brilley, of Brilley & Vigneri, of Decatur, for appellants.

William O. Martin, Jr., and Martin D. Hoke, both of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellees.

JUSTICE KNECHT delivered the opinion of the court:

In the circuit court of Macon County, plaintiffs David and Martha Petrowsky filed a complaint against defendant Family Service of Decatur, Inc., and three of its employees, alleging negligence and

breach of an adoption agreement. The circuit court dismissed the case on the pleadings and plaintiffs appeal as to original count I and their second-amended complaint.

Plaintiffs entered into an adoption agreement prepared by defendant, a private child welfare and adoption agency, whereby plaintiffs obtained custody of Tracy Lee Barry, now known as Robert Patrick Petrowsky. The adoption was interrupted because the child's natural mother changed her original story regarding the child's biological father and her former husband recanted his prior denial of paternity. It appears plaintiffs were ultimately successful in the adoption, but their lawsuit complains as to the handling of the adoption by defendants. The original complaint contained three counts. Count I alleged negligence causing property damage, count II alleged negligence causing personal injury and count III alleged breach of contract by the corporate defendant. The original pleading was not verified.

On defendants' motion, the court dismissed original counts I and II for failure to state a cause of action. Plaintiffs were granted leave to amend count III, which was dismissed because it alleged negligence while purporting to be a count for breach of contract.

Defendants' amended complaint did not contain a negligence count, nor did it refer to or incorporate any part of the original complaint. Count I charged the corporate defendant with breach of an implied contractual obligation to exercise reasonable care and skill in performing its obligations under the adoption agreement. Count II sought damages for mental suffering which ensued from the alleged breach of contract. Count III charged all defendants with reckless infliction of severe emotional distress. The court again granted defendant's motion to dismiss for failure to state a cause of action.

Upon the court's leave, plaintiffs filed a second-amended complaint. Counts I through II were virtually identical to those in the first-amended complaint, and again, the pleadings were not verified. On defendants' motion, the circuit court dismissed plaintiffs' second-amended complaint with prejudice.

The circuit court dismissed count I of the original complaint, which alleged defendants negligently handled the parties' adoption agreement, and based its ruling entirely on *Martino v. Family Service Agency* (1982), 112 Ill. App. 3d 593, 445 N.E.2d 6. In *Martino*, plaintiff sued the defendant social worker in negligence for professional misconduct. Defendant seduced a patient and disclosed confidences while acting as a marriage counselor and therapist. The *Martino* court refused to recognize the tort of social worker malpractice. In a later case, *Horak v. Biris* (1985), 130 Ill. App. 3d 140, 474

N.E.2d 13, the court found the defendant social worker guilty of social worker malpractice on facts similar to those in *Martino*. However, unlike Mrs. Martino, the plaintiff in *Horak* alleged the defendant negligently mishandled various psychological principles. *Horak* distinguished the *Martino* decision to that extent.

The plaintiffs here do not allege social worker malpractice. Rather, this case involves an adoption agency's alleged shoddy investigation and paper work. The areas of social work and adoption are governed by separate statutes and standards in Illinois. Even though the circuit court misapplied *Martino* to an adoption agency scenario, we agree with the ultimate conclusion below and find no precedent or policy compelling us to recognize the tort of adoption agency malpractice.

 It is unnecessary to belabor the merits because any error in dismissal of the original complaint has been waived. The well-established principle of waiver provides that a party filing an amended complaint which does not refer to or adopt the earlier pleading waives any objection to the trial court's dismissal of the original complaint. (*Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150, 449 N.E.2d 125.) This principle applies to unverified pleadings (*Stemm v. Rupel* (1975), 30 Ill. App. 3d 864, 332 N.E.2d 686), and the waiver principle applies whether or not the dismissal was "with prejudice." (*Foxcroft*, 96 Ill. 2d 150, 449 N.E.2d 125; *Kievman v. Edward Hospital* (1984), 122 Ill. App. 3d 187, 460 N.E.2d 901; *Kincaid v. Parks Corp.* (1985), 132 Ill. App. 3d 417, 477 N.E.2d 68.) A dismissal is the equivalent of an adjudication on the merits and need not contain the words "with prejudice." *Kincaid*, 132 Ill. App. 3d 417, 477 N.E.2d 68.

 In applying these pleading rules, we note that although original count I alleged defendants' negligence, neither plaintiffs' first nor second-amended complaints contained or referred to a negligence count. Furthermore, the pleadings were not verified and the circuit court's dismissal was effectively with prejudice. Accordingly, the allegations asserted in original count I, but not incorporated in the final amended complaint, are considered waived. The circuit court dismissed original count I, and plaintiffs have waived their objection.

Plaintiffs further argue the circuit court erroneously dismissed count I of their second-amended complaint, which alleged the corporate defendant breached an implied duty of reasonable care. The essence of count I is as follows:

> "[7.] The parties at that time intended that an implied term of that Adoption Agreement would be that Family Service of

Decatur, Inc., would exercise reasonable care and skill, and would exercise that degree of care and skill and adhere to the customs, usages, practices and procedures ordinarily followed by adoption agencies, in performing its obligations under that Adoption Agreement.

■ Family Service of Decatur, Inc., by and through its agents, servants and employees, thereafter breached its contractual obligations in one or more of the following respects:

(a) It conducted little or no, or an inadequate, investigation into the paternity of the child.

(b) It prepared and kept little or no, or inadequate, records and documentation of whatever investigation was conducted into the paternity of the child.

(c) It failed to obtain an affidavit, or a written or sworn statement, or even a statement witnessed by a third party, from Kimberly D. Barry's former husband, Michael E. Barry, when he originally denied paternity of the child.

(d) It failed to obtain an affidavit, or a written or sworn statement, or even a statement witnessed by a third party, from Kimberly D. Barry when she identified the man originally claimed by her to be the biological father of the child.

(e) It conducted little or no, or an inadequate, investigation concerning whether Michael E. Barry was the biological father of the child.

(f) It conducted little or no, or an inadequate investigation concerning the existence or whereabouts or paternity of the man originally claimed by Kimberly D. Barry to be the biological father of the child."

Defendants point out the allegations set forth in count I of the second-amended complaint paragraphs 8(a) through (f) are exactly the same allegations of negligence found in count I of the original complaint, but couched in terms of a contract action. Citing *Land v. Greenwood* (1985), 133 Ill. App. 3d 537, 478 N.E.2d 1203, defendants maintain plaintiffs cannot assert a cause of action for negligence under a breach of contract heading. *Land* was an action for legal malpractice. This court held such an action "is one sounding in tort which arises out of a contract, express or implied, for legal services." (133 Ill. App. 3d at 541, 478 N.E.2d at 1206.) For failure to allege more, the contract count was dismissed as a simple restatement of the negligence count. We distinguish *Land* from the instant case on the grounds that adoption agency malpractice, unlike legal malpractice, is not an established tort.

In *Martino*, as previously noted, this court declined to recognize the tort of social worker malpractice; however, it held social workers may be sued for breach of contract on the same facts. *Martino* held:

"[Count I] alleged that a contract was entered into between plaintiff and Family Service for the furnishing of counseling and that competent counseling was not provided to the damage of plaintiff.

\*\*\* The factual allegations set forth a breach of that promised service. We are also unaware of case precedent for such a suit in contract. However, no specific precedent is necessary to support the viability of a complaint which alleges a contract from which certain promises are implied, a breach of those implied promises and damages.

\*\*\*

As count I stated a contract, a breach and some proper elements of damage, the trial court erred in dismissing it." *Martino*, 112 Ill. App. 3d at 598, 445 N.E.2d at 9-10.

*Martino* reinstated for remand the contract count alleging damages due to breach of the implied conditions of the contract. We believe *Martino* is applicable to the breach of contract allegations before this court.

We must first question whether the adoption agreement imposed upon the corporate defendant any legal duties, express or implied. (*Barnes v. Washington* (1973), 56 Ill. 2d 22, 305 N.E.2d 535.) Whether the duty was properly performed by defendant is a factual question to be decided by the jury. See *Ferentchak v. Village of Frankfort* (1985), 105 Ill. 2d 474, 475 N.E.2d 822.

■ Every contract contains an implied duty of good faith. "Good faith between contracting parties requires the party vested with contractual discretion to exercise it reasonably, and he may not do so arbitrarily, capriciously, or in a manner inconsistent with the reasonable expectations of the parties." (*Carrico v. Delp* (1986), 141 Ill. App. 3d 684, 690, 490 N.E.2d 972, 976.) Society especially expects service contracts to be executed with a reasonable degree of care and skill. "[O]ne who enters upon an affirmative undertaking, to perform a service for another, is required to exercise reasonable care in performing it, to avoid injury to the beneficiary of the undertaking." (*Talbot v. Country Life Insurance Co.* (1973), 8 Ill. App. 3d 1062, 1065, 291 N.E.2d 830, 832.) We conclude the corporate defendant had an implied duty to carry out the terms of the adoption agreement reasonably and in good faith. Count I of plaintiffs' second-amended complaint should not have been dismissed. It will be for the jury to decide if

defendant breached its implied contractual duties of reasonable care and good faith. Adoption agency custom may be introduced to outline the precautions the corporate defendant should have taken or was justified in omitting under the adoption agreement. Such evidence will not be a conclusive measure of the standard of care. *Darling v. Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326, 211 N.E.2d 253, *cert. denied* (1966), 383 U.S. 946, 16 L. Ed. 2d 209, 86 S. Ct. 1204.

█▌█ The next question is whether defendant had a legal duty to investigate, document and obtain affidavits attesting to the child's paternity. The primary objective in construing a contract is to give effect to the intention of the parties. (*Village of Grandview v. City of Springfield* (1984), 122 Ill. App. 3d 794, 461 N.E.2d 1031.) Unless the agreement is ambiguous, the parties' contractual intent must be gleaned from the plain language in the contract itself, not by the construction placed upon it by the parties. *Lenzi v. Morkin* (1984), 103 Ill. 2d 290, 293, 469 N.E.2d 178, 179.

█▌ An ambiguous contract can be read in more than one way because its terms are indefinite or vague. (*Village of Grandview*, 122 Ill. App. 3d 794, 461 N.E.2d 1031.) Ambiguity is a question of law, and we hold the adoption contract is not ambiguous. (*URS Corp. v. Ash* (1981), 101 Ill. App. 3d 229, 427 N.E.2d 1295.) The adoption agency simply agreed to place the child with plaintiffs for adoption if they complied with certain terms enumerated in the agreement. Nowhere in the adoption agreement does the corporate defendant expressly contract to investigate, document or otherwise verify the child's paternity. The adoption was incomplete, not due to breach of the express agreement, but because the child's paternity was at issue. With adoption agency custom before it on remand, the jury must consider whether, by omitting the procedures suggested by plaintiffs, the corporate defendant breached its implied duties under the contract. We decline to impose additional contractual duties in view of their absence from the adoption agreement.

█▌ In their second-amended complaint, count II, plaintiffs sought compensation for mental suffering from the corporate defendant on a breach of contract theory. Count II was drafted in reliance on the rule prescribed in *Maere v. Churchill* (1983), 116 Ill. App. 3d 939, 452 N.E.2d 694. In *Maere*, the court held:

> "In the contract area, damages for breach will not be given as compensation for mental suffering, except where the breach was wanton or reckless and caused bodily harm, or where the defendant had reason to know, when the contract was made,

that its breach would cause mental suffering for reasons other than mere pecuniary loss." (116 Ill. App. 3d at 944, 452 N.E.2d at 697.)

On appeal, plaintiffs maintain it is likely and foreseeable adoptive parents will suffer serious emotional disturbance if, after a child has been placed in their home, the adoption agreement is breached.

Due to the delicate nature of adoption proceedings, the parties are especially susceptible to emotional trauma of some kind. Adoption agencies must be aware of the human element behind the contract, anticipate and be responsible for any mental suffering a breach might trigger. As plaintiffs' second-amended count II contained the necessary allegations under *Maere*, it is hereby reinstated for the jury's consideration.

Finally, count III of plaintiffs' second-amended complaint is an action against all defendants for reckless infliction of severe emotional distress. The Illinois Supreme Court recognized recklessness as a basis for recovery for severe emotional distress in *Public Finance Corp. v. Davis* (1976), 66 Ill. 2d 85, 360 N.E.2d 765. In relevant part, *Davis* set forth the following standard:

> "Restatement (Second) of Torts, section 46 (1965), recognizes the existence of a cause of action for severe emotional distress caused by intentional or reckless conduct. ***
>
> *** First, the conduct must be extreme and outrageous. *** 'Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency ***.' Restatement (Second) of Torts, sec. 46, comment d (1965)." 66 Ill. 2d at 89-90, 360 N.E.2d at 767-68.

Plaintiffs argue the element of outrageous conduct is contained as follows in count III:

> "[8.] At that time and place [the adoption agreement was signed], as well as prior and subsequent thereto, [all named defendants] individually, recklessly and with [conscious] disregard of the known or reasonably foreseeable legal and emotional risks involved, committed one or more of the following acts or omissions which was or were certain, or substantially certain, or highly likely, to cause severe emotional distress on the part of the plaintiffs:
>
> [(a) through (f) (identical to second amended count I, paragraph 8 reprinted above.)]
>
> ▮ The defendants' aforesaid act(s) or omission(s) was or were extreme and outrageous because of the legal and emo-

tional importance to the plaintiffs of the adoption proceedings then under way *** ."

In failing to implement certain procedural safeguards, plaintiffs maintain the adoption agency and its employees took unreasonable risks substantially certain to result in severe emotional upheaval on the part of the adopting parents.

Whether conduct is considered extreme and outrageous depends on the facts in each case. (*Burgess v. Chicago Sun-Times* (1985), 132 Ill. App. 3d 181, 476 N.E.2d 1284.) It is helpful to consider the following Illinois decisions in which the courts refused to characterize the defendants' conduct as extreme and outrageous: *Plocar v. Dunkin' Donuts of America, Inc.* (1981), 103 Ill. App. 3d 740, 431 N.E.2d 1175 (defendant harasses plaintiff with explicit sexual references and proposals); *Morrison v. Sandell* (1983), 112 Ill. App. 3d 1057, 446 N.E.2d 290 (defendant placed human waste material in plaintiff's file drawer); *Harris v. First Federal Savings & Loan Association* (1984), 129 Ill. App. 3d 978, 473 N.E.2d 457 (defendant-employer continuously and unreasonably criticized plaintiff on the job); *Dymek v. Nyquist* (1984), 128 Ill. App. 3d 859, 469 N.E.2d 659 (defendant surreptitiously performed psychotherapy on plaintiff's son).

By comparison, these defendants' conduct did not go beyond all possible bounds of decency. Although adoption is an emotion-laden procedure, we believe the allegations in plaintiffs' second-amended count III are not outrageous enough to state a cause of action for reckless infliction of severe emotional distress in Illinois. For that reason, count III was properly dismissed.

Accordingly, the order of the circuit court of Macon County is affirmed as to original count I and second-amended count III. We reverse as to the dismissal of second-amended counts I and II and remand for further proceedings.

Affirmed in part; reversed in part and remanded.

McCULLOUGH and SPITZ, JJ., concur.