2018 IL App (4th) 170573

NO. 4-17-0573

FILED
June 21, 2018
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| GERALD R. WARD, Individually and as Administrator of the Estate of Clarence R. Ward, Deceased, | ) ) ) | Appeal from the Circuit Court of Macon County |
| Plaintiff-Appellant, | ) | No. 16L51 |
| v. | ) | |
| DECATUR MEMORIAL HOSPITAL, | ) | Honorable |
| Defendant-Appellee. | ) ) | Thomas E. Little, Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court, with opinion.
Justices Steigmann and Harris concurred in the judgment and opinion.

**OPINION**

¶ 1        Plaintiff, Gerald R. Ward, appeals from a summary judgment in favor of

defendant, Decatur Memorial Hospital, on the ground of *res judicata*. In our *de novo* review (see

*Illinois Department of Financial & Professional Regulation v. Rodriguez*, 2012 IL 113706,

¶ 10), we find an element of *res judicata* to be missing: a final adjudication on the merits.

Therefore, we reverse the trial court's judgment, and we remand this case for further

proceedings.

¶ 2                                I. BACKGROUND

¶ 3        Plaintiff filed the present case, Ward v. Decatur Memorial Hospital, Macon

County case No. 16-L-51 (*Ward II*), after voluntarily dismissing, without prejudice, a previous

case, Ward v. Decatur Memorial Hospital, Macon County case No. 09-L-209 (*Ward I*). We will

begin by recounting what happened in the two cases.

¶ 4                                    A. *Ward I*

¶ 5               1. *The Dismissal of All But One Count of the Original Complaint,*
                        *With Permission To File an Amended Complaint*

¶ 6             On December 17, 2009, in *Ward I*, plaintiff sued defendant, Decatur Memorial

Hospital Home Health Services (Home Health), and "unknown employees" of defendant for

alleged negligence in their medical treatment of his brother, Clarence R. Ward, whose death,

plaintiff claimed, resulted from the negligence.

¶ 7             On May 7, 2010, pursuant to section 2-619.1 of the Code of Civil Procedure

(Code) (735 ILCS 5/2-619.1 (West 2010)), defendant moved to dismiss all nine counts of the

complaint. (The movant was defendant alone because, as defendant explained in its motion for

dismissal, Home Health had no legal identity separate from defendant and, under Illinois law, it

was impermissible to sue "unknown employees.")

¶ 8             On July 6, 2010, the trial court granted defendant's motion for dismissal, except

as to count V, a survival action against Home Health. We need not enumerate the court's reasons

for dismissing each of the eight counts. It is enough to observe that the court designated some

counts as dismissed "without prejudice" and other counts as simply stricken. Specifically, the

court dismissed counts I, II, III, IV, and VI "without prejudice" and struck counts VII, VIII, and

IX, without any designation of "with prejudice" or "without prejudice." The court gave plaintiff

"leave to file an amended complaint *** within 28 days."

¶ 9                       2. *The Dismissal of the First Amended Complaint,*
                        *With Permission To File a Second Amended Complaint*

¶ 10            On August 3, 2010, plaintiff filed a first amended complaint against defendant

and Home Health. It had four counts, two of which were pursuant to the Survival Act (755 ILCS

5/27-6 (West 2006)) and the other two of which were pursuant to the Wrongful Death Act (740 ILCS 180/1 *et seq.* (West 2006)).

¶ 11         On August 23, 2010, pursuant to section 2-619.1, defendant moved to dismiss the first amended complaint.

¶ 12         On October 25, 2010, the trial court granted the motion. The docket entry designated count II as "dismissed without prejudice with leave to amend within 30 days" and the remaining counts as simply dismissed. At the end, the docket entry "granted [plaintiff] leave to file the second Amended Complaint within 30 days."

¶ 13                     3. *The Dismissal of the Second Amended Complaint,*
*With Permission To File a Third Amended Complaint*

¶ 14         On November 24, 2010, plaintiff filed a second amended complaint, this time against defendant alone, seeking recovery under the Survival Act and the Wrongful Death Act. The second amended complaint consisted of four counts, two of which raised a theory of *respondeat superior* and the other two of which raised a theory of "institutional negligence."

¶ 15         On December 23, 2010, pursuant to section 2-619.1, defendant moved to dismiss the second amended complaint.

¶ 16         On April 6, 2011, the trial court granted the motion and gave plaintiff "leave to file, within 28 days, a third amended complaint."

¶ 17                  4. *The Third Amended Complaint*

¶ 18         On May 4, 2011, after the trial court granted more time to do so, plaintiff filed a third amended complaint. This version of the complaint was against defendant alone. It consisted of two counts, both of which relied on a theory of *respondeat superior*. One count was pursuant to the Survival Act, and the other count was pursuant to the Wrongful Death Act.

¶ 19        On June 1, 2011, defendant filed an answer and some affirmative defense to the third amended complaint.

¶ 20            5. *The Denial of Permission To File a Fourth Amended Complaint*
                    *and the Granting of Defendant's Motion in Limine*

¶ 21        A jury trial was scheduled for January 19, 2016.

¶ 22        On January 4, 2016, plaintiff moved for permission to file a fourth amended complaint against defendant.

¶ 23        On January 5, 2016, the trial court denied the motion, finding that the proposed fourth amended complaint was significantly different from the third amended complaint.

¶ 24        At the same time, the trial court granted defendant's motion *in limine* to bar two nurses, Tracy Rodgers and Nichele Gavin, from testifying as expert witnesses for plaintiff.

¶ 25                            6. *The Voluntary Dismissal*

¶ 26        On January 11, 2016, pursuant to section 2-1009 of the Code (735 ILCS 5/2-1009 (West 2016)), plaintiff moved to voluntarily dismiss *Ward I*. That same day, the trial court granted the motion and dismissed the case without prejudice.

¶ 27                            B. *Ward II*

¶ 28                            1. *The Complaint*

¶ 29        On May 5, 2016, plaintiff commenced a new action, *Ward II*. The complaint was almost identical to the fourth amended complaint the trial court had refused to allow plaintiff to file in *Ward I*.

¶ 30                2. *Summary Judgment on the Ground of Res Judicata*

¶ 31        On November 14, 2016, defendant filed a motion for summary judgment (735 ILCS 5/2-1005 (West 2016)) on the ground of *res judicata*. Citing *Hudson v. City of Chicago*,

228 Ill. 2d 462 (2008), among other authorities, defendant argued that *Ward II* violated the rule against claim-splitting.

¶ 32         Initially, on March 20, 2017, the trial court denied defendant's motion for summary judgment because the third amended complaint remained pending when plaintiff voluntarily dismissed *Ward I*. Thus, there was no final judgment—no order that "fixed the parties' rights." Without a final judgment, there could be no *res judicata*.

¶ 33         Defendant moved for reconsideration, and on May 11, 2017, the trial court changed its mind, deciding that *res judicata* barred plaintiff's claims in *Ward II*. The court reasoned as follows:

> "3. [R]es judicata bars not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit.
>
> 4. In [*Ward I*], the Plaintiff asserted a number of theories that were involuntarily dismissed but not repled, thereby rendering the dismissals final.
>
> 5. At the time the Plaintiff voluntarily dismissed [*Ward I*], the third amended complaint was pending[,] and the issues raised therein had not yet been determined *but could have been determined* therein." (Emphasis in original.)

Consequently, the court granted defendant's motion for reconsideration and entered a summary judgment in defendant's favor on the ground of *res judicata*. Afterward, the court denied plaintiff's own motion for reconsideration.

¶ 34         This appeal followed.

¶ 35                              II. ANALYSIS

¶ 36 Defendant maintains that, under *Hudson*, the trial court was correct to dismiss *Ward II*, with prejudice, on the ground of *res judicata*. Defendant argues that in *Ward II* plaintiff resorted to claim-splitting, which the supreme court forbade in *Hudson*.

¶ 37 Plaintiff disagrees. He insists that *Hudson* is distinguishable because, unlike him, the plaintiffs in *Hudson* never received permission to replead in the original litigation.

¶ 38 In *Hudson*, the plaintiffs brought a tort action against the City of Chicago and some of its employees in the fire department. *Id.* at 464. The complaint consisted of two counts: count I, which alleged negligence, and count II, which alleged willful and wanton misconduct. *Id.* The circuit court granted the defendants' motion to dismiss count I with prejudice, pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2000)), on the ground that the city and its employees had immunity under section 3.150 of the Emergency Medical Services (EMS) Systems Act (210 ILCS 50/3.150 (West 2000)). *Hudson*, 228 Ill. 2d at 464-65.

¶ 39 After the involuntary dismissal of count I, the plaintiffs moved to voluntarily dismiss the remaining count, count II, which alleged willful and wanton misconduct. *Id.* at 466. The trial court granted their motion, dismissing that count without prejudice (see 735 ILCS 5/2-1009 (West 2000)). *Id. Hudson I* thereby came to an end.

¶ 40 As section 2-1009 of the Code (735 ILCS 5/2-1009 (West 2000)) allowed, the plaintiffs commenced a new action within one year after the voluntary dismissal of *Hudson I*. *Hudson*, 228 Ill. 2d at 466. In the new action, *Hudson II*, the plaintiffs pleaded only one count, the same count of willful and wanton misconduct they had pleaded, and voluntarily dismissed, in *Hudson I*. *Id.* The circuit court granted a motion by the defendants to dismiss *Hudson II* as barred by *res judicata*. *Id.*

¶ 41    The supreme court upheld the dismissal because *res judicata* barred not only what was decided but whatever could have been decided in the previous action. *Id.* at 467. Before an action was barred, three conditions had to be satisfied: (1) a court of competent jurisdiction rendered a "final judgment on the merits," (2) the causes of action were identical, and (3) the parties or their privies were the same in both actions. *Id.* It was undisputed in *Hudson* that the second and third conditions were satisfied. *Id.* The plaintiffs disputed, however, that the first condition was satisfied. They pointed out that the count alleging willful and wanton misconduct never was adjudicated on its merits. *Id.* at 467-68.

¶ 42    Again, however, if a claim was finally adjudicated on its merits in the previous litigation, *res judicata* barred not only that claim but also whatever should have been adjudicated along with that claim. *Id.* at 467. The dismissal of count I was the actual adjudication, which swept up whatever else should have been adjudicated in the same action, namely, count II. Illinois Supreme Court Rule 273 (eff. Jan. 1, 1967) regarded the dismissal of count I as a final adjudication on the merits (*Hudson*, 228 Ill. 2d at 468), and because count II "[arose] out of the same set of operative facts" as count I (internal quotations marks omitted) (*id.* at 474), *res judicata* treated the two counts as one claim—count II "could have been decided" in the same action as count I (*id.* at 467).

¶ 43    Rule 273 provides, "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." Ill. S. Ct. R. 273 (eff. Jan. 1, 1967) Although, generally, an "action" is defined as "[a] civil or criminal judicial proceeding" (Black's Law Dictionary (10th ed. 2014)), the supreme court defined "action" to include the count of a complaint. *Cf. Richter v.*

*Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 28 ("Even if a plaintiff subsequently elects to stand on his or her complaint, an order striking or dismissing a complaint is not final until a subsequent order finally dismisses the action or suit."). The dismissal of count I was unqualified. Therefore, under Rule 273, it was a dismissal with prejudice and, as such, a final adjudication on the merits. *Hudson*, 228 Ill. 2d at 468. Because the dismissal of count I was final in nature, it became immediately appealable when the trial court ended *Hudson I* by granting the plaintiffs' motion to voluntarily dismiss count II. *Id.* Given the final, unappealed judgment on the merits as to count I in *Hudson I*¸ the rule against claim-splitting barred count II in *Hudson II*.

¶ 44 Plaintiff highlights what he regards as a crucial difference between his case and *Hudson*. *Ward I* had something that *Hudson I* lacked: permission to file amended complaints. He maintains that the rule against claim-splitting is inapplicable to the present case, *Ward II*, because, in *Ward I*, each time the trial court granted a motion for involuntary dismissal, the court gave him permission to replead. Consequently, according to plaintiff, *Ward I* contains no "final judgment on the merits" See *id.* at 467. (He does not dispute the satisfaction of the other two conditions of *res judicata*, *i.e.*, identical causes of actions and identical parties or privies (see *id.*).) He quotes *Richter*: "A dismissal order that grants leave to amend is interlocutory and not final. *** [T]here was no 'adjudication upon the merits' [if, in the previous litigation,] 'the order of dismissal *** otherwise specifie[d]' that [the plaintiff] had leave to file an amended complaint." *Richter*, 2016 IL 119518, ¶¶ 25-26 (quoting Ill. S. Ct. R. 273 (eff. Jan. 1, 1967)).

¶ 45 Defendant counters that, even though the trial court gave plaintiff permission to replead the original, amended, first amended, and second amended complaints, the permission was qualified: the court specified certain counts as dismissed "without prejudice" and other counts as simply dismissed. Defendant argues that, under Rule 273, the simple dismissals,

lacking the qualification of "without prejudice," were "adjudication[s] upon the merits" (Ill. S. Ct. R. 273 (eff. Jan. 1, 1967)). Thus, defendant would extend the rationale of *Hudson* to cases in which the trial court designated some counts as dismissed with prejudice and other counts as dismissed without prejudice and gave permission to replead. In support of that extension of *Hudson*, defendant cites *Kiefer v. Rust-Oleum Corp.*, 394 Ill. App. 3d 485 (2009).

¶ 46        In *Kiefer*, the plaintiff, a Canadian citizen, sued two American corporations. *Id.* at 486. His amended complaint consisted of two counts, both premised on strict products liability. *Id.* The defendants moved to dismiss the amended complaint because in British Columbia, where the injury had occurred, the law did not recognize strict products liability. *Id.* at 486-87. The trial court dismissed the amended complaint for that reason (*id.* at 487) but gave the plaintiff permission to file a second amended complaint, then a third amended complaint, and, finally, a fourth amended complaint (*id.* at 487-88). The fourth amended complaint consisted of two counts, both alleging negligence. *Id.* at 488. A few weeks before the trial was scheduled to begin, the court granted a motion by the plaintiff to voluntarily dismiss his negligence claims, without prejudice, pursuant to section 2-1009 (735 ILCS 5/2-1009 (West 2006)). *Kiefer*, 394 Ill. App. 3d at 488. Later, the plaintiff refiled his negligence claims in a new action. *Id.* The defendants moved to dismiss the new action, with prejudice, on the ground of *res judicata*, and the court granted their motion. *Id.*

¶ 47        On appeal, the plaintiff disputed that the order dismissing his strict products liability claims in the previous action was a final order. *Id.* at 493-94. He argued that the order was nonfinal because (1) it granted him leave to file a second amended complaint and (2) it lacked the words "with prejudice." *Id.* While acknowledging the truth of both of those

observations, the First District treated them as "far from dispositive regarding the effect of the order." *Id.* at 494. The First District reasoned:

> "Where, as here, a dismissal order does not explicitly state that it is entered 'with prejudice' or 'without prejudice,' it is necessary 'to look to the substance of what was actually decided by the dismissal order' to determine if the order is final. *McMann v. Pucinski*, 218 Ill. App. 3d 101, 106 (1991). Here, there can be no dispute that [the plaintiff's] strict liability claims were adjudicated on its merits. ***
>
> *** [The involuntary dismissal] was based on the *** trial court's determination that [the plaintiff] could not plead any set of facts that would allow him to recover under a theory of strict product liability." *Id.* at 494-95.

It appeared, from the transcript of the hearing on the motion for dismissal, that by " 'leave to amend,' " the trial court in *Kiefer* intended to give the plaintiff permission to assert negligence claims but not to amend his (legally untenable) strict products liability claims. *Id.* at 495. Thus, the First District concluded, the inclusion of the words " 'leave to amend' " in the dismissal order and the lack of the words " 'with prejudice' " did "not affect the finality of the order with regard to [the plaintiff's] strict product[s] liability claims[,] as the substance of the order show[ed] that the order was determinative of those claims." *Id.* When the trial court granted the plaintiff's motion for a voluntary dismissal, the "final order dismissing [the plaintiff's] strict product[s] liability claims became immediately appealable." *Id.* Because the plaintiff never appealed it, that final order barred not only every matter actually decided in the previous case but also every matter that could have been decided—including the claims of negligence. *Id.* Therefore, in

- 10 -

reliance on *Hudson*, the First District upheld the dismissal of the new action on the ground of *res judicata*. *Id.*

¶ 48    This result in *Kiefer* rests ultimately on the implied assumption that granting permission to file an amended complaint does not undo the "with prejudice" part of a preceding dismissal of a count with prejudice. Assume that in granting a motion to dismiss a complaint, the trial court designates some counts as dismissed with prejudice and other counts as dismissed without prejudice. (This would be a reasonable reading of the dismissal orders in *Ward I*; designating some counts, but not others, as dismissed "without prejudice" signaled an intention to dismiss some counts with prejudice.) Assume also that the court gives the plaintiff permission to file an amended complaint. Seemingly, the court does so with the understanding that the amended complaint will omit the counts dismissed with prejudice. After all, "with prejudice" "means that [the] plaintiff will not be permitted to plead over." *Perkins v. Collette*, 179 Ill. App. 3d 852, 854 (1989). So, the permission to amend the complaint appears to be qualified. Assume the plaintiff files an amended complaint that omits the counts dismissed with prejudice and that, before the date of the scheduled trial on the amended complaint, the court grants a motion by the plaintiff to voluntarily dismiss the amended complaint. If the plaintiff afterward commences a new action and if the counts of the complaint in the new action arise out of the same set of operative facts as the counts dismissed with prejudice in the previous action, *Kiefer* would lead to the conclusion that those counts are barred by *res judicata*—as defendant convincingly argues.

¶ 49    The trouble is, we are unconvinced by *Kiefer* because it is logically inconsistent with *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150 (1983), and its progeny. In *Foxcroft*, the supreme court held that if a trial court dismisses a complaint and the plaintiff (with the court's permission) files an amended complaint that omits counts that were in

- 11 -

the original complaint, the plaintiff will be deemed to have "abandoned and withdrawn" those counts (internal quotation marks omitted) (*Foxcroft*, 96 Ill. 2d at 154) and to have "waived" them (*id.* at 155), and the reviewing court will decline to address the merits of those superseded counts (*id.*). "Where an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn." (Internal quotation marks omitted.) *Id.* at 154. This is called "the *Foxcroft* rule." *Bonhomme v. St. James*, 2012 IL 112393, ¶ 27.

¶ 50        Significantly, the *Foxcroft* rule applies even to cases in which the trial court dismissed counts "with prejudice." *Id.* ¶ 19; *Petrowsky v. Family Service of Decatur, Inc.*, 165 Ill. App. 3d 32, 35 (1987); *Kincaid v. Parks Corp.*, 132 Ill. App. 3d 417, 419 (1985). To the uninitiated, this application of the *Foxcroft* rule might seem paradoxical, considering that (1) amendments filed without the trial court's permission are a nullity (*Kurczaba v. Pollock*, 318 Ill. App. 3d 686, 703 (2000)) and (2) dismissing certain counts "with prejudice" would appear to signify that, in an amended complaint, those counts will not be permitted (*Jackson v. Alverez*, 358 Ill. App. 3d 555, 559 (2005); *O'Hara v. State Farm Mutual Automobile Insurance Co.*, 137 Ill. App. 3d 131, 133 (1985)). However, if the court gives permission to replead, the plaintiff not only *may* but, on pain of waiver or forfeiture, *must* replead or otherwise incorporate the dismissed counts in the amended complaint—even if the court dismissed those counts "with prejudice." See *Bonhomme*, 2012 IL 112393, ¶ 26 ("[E]ven assuming that the trial court in this case *had* instructed [the] plaintiff to file a one-count third amended complaint and only then appeal the dismissal [with prejudice] of her other six counts, [the] plaintiff could not treat that instruction as license to ignore *Foxcroft*." (Emphasis in original.)); *Petrowsky*, 165 Ill. App. 3d at

35 ("[T]he waiver principle [in *Foxcroft*] applies whether or not the dismissal was 'with prejudice.' ").

¶ 51          Effectively, then, by granting the plaintiff permission to file an amended complaint, the trial court vacates the designation of "with prejudice" in its dismissal of individual counts of the original complaint. See *Reed v. Retirement Board of the Fireman's Annuity & Benefit Fund*, 376 Ill. App. 3d 259, 267 (2007) ("Even if the trial court originally declares it has dismissed a complaint with prejudice, if[,] after reconsideration[,] the court allows the plaintiff to file an amended complaint, the prejudice of the original dismissal is vacated[,] [and] it is no longer a final order and is therefore not appealable."). If a court dismisses certain counts "with prejudice," the phrase "with prejudice" means little if the court also gives permission to file an amended complaint. (Maybe it would serve as a forecast of how the court likely would rule on a motion to dismiss the repleaded counts.) Having given permission to file an amended complaint, the court cannot require the plaintiff to leave out claims from the amended complaint and thereby abandon and forfeit them. The plaintiff has the right to preserve dismissed counts for review (see *Bonhomme*, 2012 IL 112393, ¶ 26; *Petrowsky*, 165 Ill. App. 3d at 35), and an acceptable way of doing so is to replead them in the amended complaint (*Northbrook Bank & Trust Co. v. 2120 Division LLC*, 2015 IL App (1st) 133426, ¶ 11). It follows that, regardless of whether the dismissal order purports to dismiss certain counts "with prejudice," "[a] dismissal order that grants leave to amend is interlocutory and not final." *Richter*, 2016 IL 119518, ¶ 25. Because the whole point of *res judicata* is to prevent the resurrection of claims that already have been decided (*Scott v. Industrial Comm'n*, 184 Ill. 2d 202, 219 (1998)), the dismissal of a count, even "with prejudice," cannot possibly be *res judicata* if the *Foxcroft* rule, as elaborated in *Bonhomme* and other cases, allows the repleading of that count.

¶ 52     As defendant observes, in *Ward I*, plaintiff did not always replead dismissed counts. He omitted several previously dismissed counts from the final version of his complaint, the third amended complaint. True, but that omission did not make the dismissal of those counts a final order for purposes of *res judicata*. Instead, if plaintiff had appealed in *Ward I*, those counts would have been regarded as abandoned, withdrawn, superseded, waived, or procedurally forfeited. See *Foxcroft*, 96 Ill. 2d at 154-55; *Bowman v. County of Lake*, 29 Ill. 2d 268, 272 (1963); *Amalgamated Transit Union, Local 241 v. Illinois Labor Relations Board, Local Panel*, 2017 IL App (1st) 160999, ¶ 59 n.1 (by "waiver," the supreme court sometimes means "forfeiture"). The dismissal of a count that the plaintiff afterward abandoned in the amended complaint does not have *res judicata* effect. Rather, the abandoned count " 'ceases to be a part of the record for most purposes' " (*Foxcroft*, 96 Ill. 2d at 154 (quoting *Bowman*, 29 Ill. 2d at 272)), and " 'any ruling of the court with relation to the sufficiency of the original pleadings is not properly in the record' " (internal quotation marks omitted) (*Consolidated Construction Co. v. Great Lakes Plumbing & Heating Co.*, 90 Ill. App. 2d 196, 203 (1967) (quoting *Wright v. Risser*, 290 Ill. App. 3d 576, 581 (1937)). By leaving a previously dismissed count out of the amended complaint, the plaintiff withdraws that count (*Bonhomme*, 2012 IL 112393, ¶ 17; *Foxcroft*, 96 Ill. 2d at 154), and "[t]he withdrawal of an earlier pleading leaves the issues in the same status as if the abandoned pleading had not been filed" (*Wheeler v. Sunbelt Tool Co.*, 181 Ill. App. 3d 1088, 1105 (1989); see also *Guebard v. Jabaay*, 117 Ill. App. 3d 1, 7 (1983); *Blazina v. Blazina*, 42 Ill. App. 3d 159, 164 (1976)). Although "[t]he withdrawal does not eradicate the fact that the litigant did file the pleading," it "has the effect of removing the pleading from any and all consideration, and the issues are left in the same status as though the withdrawn pleading had never been filed."

61B Am. Jur. 2d *Pleading* § 904 (1999). "Where a count is stricken by amendment, it will be regarded as though never introduced." 71 C.J.S. *Pleading* § 465 (2011).

¶ 53 In sum, the binding authority of *Bonhomme* and *Foxcroft* compels us to respectfully disagree with *Kiefer*'s application of *Hudson*. We find *Hudson* to be distinguishable because, in *Hudson I*, the trial court never gave permission to file an amended complaint after dismissing a count of the complaint with prejudice (see *Hudson*, 228 Ill. 2d at 466). In *Ward I*, by contrast, the trial court gave permission to amend, over and over again, all the way to the third amended complaint—which remained pending and completely unadjudicated at the time of the voluntary dismissal. "A dismissal order that grants leave to amend is *** not final" (*Richter*, 2016 IL 119518, ¶ 25), and without "a final judgment on the merits," there can be no *res judicata* (*Hudson*, 228 Ill. 2d at 467).

¶ 54                                     III. CONCLUSION

¶ 55 For the foregoing reasons, we reverse the trial court's judgment, and we remand this case for further proceedings.

¶ 56 Reversed and remanded.