**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190357-U

Order filed June 18, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| *In re* ESTATE OF MATTIE L. WILLIAMS, Deceased | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| (Eddie Lee Robinson, | ) ) | |
| Plaintiff-Appellant, | ) ) | Appeal No. 3-19-0357 Circuit No. 18-P-690 |
| v. | ) ) | |
| Brenda Franklin, | ) ) | Honorable J. Jeffrey Allen, |
| Defendant-Appellee). | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Presiding Justice Lytton and Justice O'Brien concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*: The trial court's order striking the plaintiff's section 2-1401 petition was not a final, appealable order.

¶ 2    The plaintiff, Eddie Lee Robinson, filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)). The trial court found the petition was improper and struck it. The plaintiff appeals.

¶ 3                                    I. BACKGROUND

¶ 4 On July 25, 2018, the plaintiff filed a petition for probate of will and for letters testamentary and stated that the decedent nominated him and the defendant, Brenda Franklin, as co-executors.

¶ 5 On February 1, 2019, following a number of continuances, the defendant's counsel entered her appearance. The defendant filed her own petition for probate of will and for letters of administration. The defendant's petition detailed that neither the plaintiff nor the defendant were allowed to act as executor due to both having felony convictions. The defendant nominated Colleen Wengler as public guardian. The case was set for a hearing on February 5.

¶ 6 On February 5, 2019, the trial court admitted the will of the decedent to probate, appointed Wengler as independent administrator, and entered an order declaring heirship.

¶ 7 On May 28, 2019, the plaintiff filed an emergency petition to vacate the February 5 order pursuant to section 2-1401 of the Code, arguing that the defendant failed to strictly comply with the notice requirement contained in section 9-5(a) of the Probate Act of 1975 (Probate Act) (755 ILCS 5/9-5(a) (West 2018)). Specifically, he contended that, on February 1, the defendant scheduled a hearing for February 5, only giving him 4 days' notice when 30 days' notice was required.

¶ 8 On June 4, 2019, the trial court held a hearing on the plaintiff's petition. The following colloquy occurred:

> "THE COURT: *** Did you talk to an attorney before you drafted this document, sir?
>
> [THE PLAINTIFF]: Yes, I did, your Honor.
>
> THE COURT: Okay.
>
> [DEFENSE COUNSEL]: Judge, [the plaintiff] filed a 1401 motion attempting to vacate the Court's order back on February 5th.

2

He was present for that hearing. So, Judge, the criteria for a 1401 motion is not here. Judge, a 1401 motion requires that there be a mistake of fact and not being aware of it, there are a number of other issues, but he was present during that hearing, Judge.

THE COURT: I don't have independent recollection of this. But if it is to vacate an order entered after a hearing that he was present at, this isn't appropriate.

And it is too late to file a motion to reconsider or anything else. You can't just reargue it.

[THE PLAINTIFF]: Your Honor, I got the paperwork from this lawyer about four months late, three months late.

THE COURT: You are going to need the lawyer to take another look at this motion because it is not appropriate for me to hear it. This is not a proper motion for the situation. Okay. I am going to strike it."

¶ 9    The trial court's written order followed, which merely stated "[t]he motion is stricken."

¶ 10    The plaintiff appeals.

¶ 11                                II. ANALYSIS

¶ 12    On appeal, the plaintiff asks this court to reverse the court's June 4 order striking his section 2-1401 petition and render a decision on the merits. We note that the defendant did not file an appellee's brief in this appeal. However, we will proceed with the appeal as "the record is simple and the issues can be easily decided without the aid of the appellee's brief." *Thomas v. Koe*, 395 Ill. App. 3d 570, 577 (2009).

¶ 13    Before we address the merits on the appeal, we must first consider our jurisdiction. An

3

appellate court has a *sua sponte* duty to ensure it has jurisdiction. *In re Marriage of Ehgartner-Shachter*, 366 Ill. App. 3d 278, 283 (2006). The appellate court's jurisdiction is limited to the review of appeals from final judgments, subject to various exceptions. *Id.* A judgment is final if it determines the action, or some definite part of it, on the merits so that the only thing left remaining is for the trial court to execute the judgment. *Krause v. USA DocuFinish*, 2015 IL App (3d) 130585, ¶ 17. Whether we have jurisdiction is a question of law, which we review *de novo*. *Yunker v. Farmers Automobile Management Corp.*, 404 Ill. App. 3d 816, 821 (2010).

¶ 14        The jurisdictional issue presented is whether the trial court's order striking the plaintiff's section 2-1401 petition is a final, appealable order. For the following reasons, we find that it is not.

¶ 15        In *Belluomini v. Lancome*, 207 Ill. App. 3d 583, 585-86 (1990), the court held that where the trial court entered an order stating that the " 'plaintiff's motion to vacate is stricken,' " that order did not constitute a ruling on the merits and the struck motion remained pending. This holding was premised on the court's (1) use of the word "stricken" rather than "denied" or "dismissed" and (2) failure to use the words "with prejudice" when striking the motion. See *id.*

¶ 16        Here, the trial court did not make a substantive ruling on the plaintiff's section 2-1401 petition. The court's written order merely stated that "[t]he motion is stricken." We also note that the court's order did not state whether it was being made with or without prejudice. When an order does not specify whether it was entered with or without prejudice, we look to the substance of what was actually decided to determine if the order is final. *Ward v. Decatur Memorial Hospital*, 2018 IL App (4th) 170573, ¶ 47. The transcript from the proceeding indicates that the court found that the plaintiff's section 2-1401 was not proper and advised the plaintiff to consult with a lawyer regarding the proper filing. This language demonstrates that the court's order striking the plaintiff's petition was entered without prejudice, and such an order is interlocutory and not final.

4

See *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 25.

¶ 17 Based on the foregoing, there was no final, appealable order on the section 2-1401 petition. See *OneWest Bank, FSB v. Topor*, 2013 IL App (1st) 120010, ¶ 17 (when the trial court did not rule on the merits of the section 2-1401 petition, but instead struck it and ordered the filing of a second petition, there was no final, appealable order). In the absence of a final judgment, we lack jurisdiction over the plaintiff's appeal. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Accordingly, the plaintiff's appeal is dismissed.

¶ 18                                    III. CONCLUSION

¶ 19 For the foregoing reasons, we dismiss the plaintiff's appeal for lack of jurisdiction.

¶ 20 Dismissed.