MICHAEL H. McMANN *et al.*, Plaintiffs-Appellants, v. AURELIA PUCINSKI, Clerk of the Circuit Court of Cook County, *et al.*, Defendants-Appellees (American Federation of State, County, and Municipal Employees, AFL-CIO, *et al.*, Intervenors).

First District (5th Division)   No. 1—90—1421

Opinion filed July 26, 1991.

Richard J. Reimer, of Chicago, for appellants.

Jack O'Malley, State's Attorney, of Chicago (Joan S. Cherry, Karen J. Dimond, and LaVerne Rolle Saunders, Assistant Attorneys, of counsel), for appellees.

Joel A. D'Alba and Anne Wells Clark, both of Asher, Gittler, Greenfield, Cohen & D'Alba, Ltd., of Chicago, for intervenor Illinois State Federation of Labor, AFL-CIO.

Thomas J. Edstrom, of American Federation of State, County, and Municipal Employees, AFL-CIO, of Chicago, for other intervenor.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiffs appeal from the denial of their request for preliminary injunction and from the dismissal of their complaint for declaratory judgment and injunctive relief. The undisputed facts are as follows.

In June 1988, a collective bargaining agreement was entered into between the Cook County clerk's office and the American Federation of State, County and Municipal Employees (AFSCME or Union), effective for the period of December 1, 1987, through November 30, 1990. This agreement provided, among other things, that the AFSCME local union would be entitled to a "fair share" of the costs of collective bargaining from nonunion employees "upon satisfactory demonstration to the County that the Union has more than 50% of the eligible employees in the bargaining unit signed up as dues paying members."

In August 1988, AFSCME Local 3368 filed a grievance against Aurelia Pucinski, clerk of the circuit court of Cook County (Pucinski or Clerk), asserting that the "fair share provision" (article I, section 4, of the collective bargaining agreement) should have been implemented as of June 1988. The Clerk disputed the application of the fair share provision, contending that the Union had not demonstrated that the requisite number of employees had signed up as dues-paying members of the Union to trigger the provision's implementation.

In November 1989, the dispute went to arbitration as provided by the collective bargaining agreement. The arbitrator found that the requisite union membership had been sufficiently demonstrated and that the fair share provision should have been implemented effective June 1988.

In a letter dated March 30, 1990, the nonunion employees of the Clerk's office received notice from the Union that a "fair share" amount would be deducted from their paychecks beginning May 1, 1990. A letter from the Clerk dated April 16, 1990, confirmed that a "fair share" wage deduction would begin May 1, 1990, and also informed employees that "[q]uestions about the challenges to the 'fair share' deduction, or the amount itself, should be directed to the Offi-

cer of the Day." On April 25, 1990, however, Pucinski filed a complaint in the circuit court to vacate the arbitrator's decision and to stay implementation of the dues deduction provision. *Pucinski v. American Federation of State, County & Municipal Employees* (1990), No. 90—CH—4016.

On April 30, 1990, 670 nonunion employees of the Clerk of the circuit court of Cook County (plaintiffs herein) filed a complaint for declaratory judgment and injunctive relief against their employer, Pucinski, as the Clerk of the circuit court of Cook County. Plaintiffs asked the court to temporarily enjoin Pucinski from deducting a fair share amount from their paychecks until it determined whether it was proper for Pucinski to deduct the fair share amount and, upon a ruling in their favor, to permanently enjoin Pucinski from making the deductions. In their complaint, plaintiffs alleged that the deduction of a fair share amount from their paychecks would be a violation of the Illinois Wage Payment and Collection Act (Ill. Rev. Stat. 1989, ch. 48, par. 39m—1 *et seq.*), the Illinois Constitution (Ill. Const. 1970, art. I, §2), as well as the collective bargaining agreement between the Clerk and AFSCME Local 3368, because the Union never attained, and still lacked, the greater than 50% membership which was a prerequisite to the "fair share" deduction.

Plaintiffs moved to consolidate their cause of action against Pucinski with the action brought by Pucinski against AFSCME (90—CH—4016) and this motion was granted on April 30, 1990, by Judge Shields. On the same date Pucinski's emergency motion to stay the arbitrator's award was denied by Judge Curry. Despite the court's denial of Pucinski's motion for a stay, plaintiffs filed a separate motion for preliminary injunction on May 1, 1990, again asking the court to enjoin the Clerk from making the deductions from their paychecks pending the determination on their complaint.

Also on May 1, 1990, both AFSCME and the Illinois State Federation of Labor and Congress of Industrial Organizations (State Federation) filed motions to intervene in the plaintiffs' action, and on May 7, 1990, prior to a ruling on their motion to intervene, the State Federation also filed a motion to dismiss plaintiffs' complaint, pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615).

On May 9, 1990, both AFSCME and the State Federation were allowed to intervene and a hearing was held on plaintiffs' motion for preliminary injunction. Not only was plaintiffs' motion for injunctive relief denied, but the trial court granted the State Federation's motion to dismiss the complaint. Plaintiffs did not object to the entry of

the order, nor did plaintiffs file any motions with the trial court subsequent to the dismissal of their complaint. Instead, plaintiffs filed the present appeal in which they contend that jurisdiction over the matter is conferred upon this court by virtue of Supreme Court Rule 303 (107 Ill. 2d R. 303) and allege the following errors:

1. That the trial court improperly dismissed plaintiffs' complaint without notice and without an opportunity to be heard.

2. That the trial court erred by denying plaintiffs' request for a preliminary injunction.

3. That the trial court erred by allowing the State Federation to intervene.

Plaintiffs' position on appeal is that AFSCME had a continuing obligation to maintain a 50% membership quota as a condition precedent to their ability to obtain the fair share amount from nonmember employees. While acknowledging that arbitration on the issue took place, plaintiffs maintain that their lack of participation in the arbitration makes the arbitrator's decision nonbinding on them and, further, that the arbitrator's decision as to the number of Union members as of June 1988 is irrelevant, since the right to "fair share" is contingent upon the continued maintenance of more than 50% membership.

Before addressing the merits of the issues raised, we must first address the issue of this court's jurisdiction over the appeal. We note that in plaintiffs' statement of jurisdiction in their original brief on appeal they indicated that jurisdiction was based upon Illinois Supreme Court Rules 304(a) and 307(a)(1). Plaintiffs apparently cited to Rule 304(a) because their claim had been consolidated with Pucinski's complaint against AFSCME and so they believed that the dismissal of their complaint did not dispose of the entire matter before the court.

■ Supreme Court Rule 304(a) states that, where multiple parties or multiple claims for relief are involved in an action, an appeal may be had from a final judgment as to one or more of the parties or claims even if the entire proceeding is not disposed of, if the trial court makes an express written finding that "there is no just reason for delaying enforcement or appeal" of the order appealed from. (134 Ill. 2d R. 304(a).) In the present case no such findings were made.

The order appealed from stated, in pertinent part:

"3. Plaintiff's Motion for Preliminary Injunction is denied.

4. Intervenor State Fed. Motion to Dismiss the Complaint is granted.

5. There is no just cause to delay the entry of this order."

Without addressing the ramification of the consolidation of the two cases, and perhaps recognizing that the "magic language" of Rule 304(a) was lacking, the briefs filed in this appeal by defendant Pucinski and the intervenors, AFSCME and the State Federation, challenged plaintiffs' statement of jurisdiction, arguing that the appeal was not governed by Rule 304(a), but rather Rule 303. It was their position that the trial court's dismissal of plaintiffs' complaint was a final order which disposed of the entire action.

In their reply brief, plaintiffs amended their statement of jurisdiction, averring that their complaint had only been consolidated for hearing with Pucinski's complaint and, thus, the two complaints were only to be treated as companion cases. Therefore, plaintiffs now contended, in agreement with defendant and intervenors, the order appealed from was a final order which terminated all issues as to all parties and that jurisdiction was proper pursuant to Supreme Court Rule 303.

We agree that the consolidation of the two complaints so that they could be heard as companion cases did not cause them to be joined as a single cause of action for the purposes of appeal. However, this decision does not eliminate our concern as to our jurisdiction over the appeal. The question that is raised in this court's mind as to the finality of the order stems from the fact that the trial court merely granted the State Federation's motion to dismiss, but did not specify whether the dismissal of the complaint was "with prejudice" or "without prejudice."

■ Generally, a dismissal of a complaint is not a final and appealable order unless the court states that the dismissal is "with prejudice." (*J. Eck & Son, Inc. v. Reuben H. Donnelley Corp.* (1989), 188 Ill. App. 3d 1090, 1093, 545 N.E.2d 170.) On the other hand, an order of dismissal which specifies that it is "without prejudice" is non-appealable on its face. (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 435 N.E.2d 480; *O'Hara v. State Farm Mutual Automobile Insurance Co.* (1985), 137 Ill. App. 3d 131, 484 N.E.2d 834.) In the present case the trial court did not include either language in its order of dismissal. For this reason it is necessary to look to the substance of what was actually decided by the dismissal order to determine if the order is a final and appealable one. *O'Fallon Development Co. v. City of O'Fallon* (1976), 43 Ill. App. 3d 348, 356 N.E.2d 1293.

■ Our review of the trial court's comments at the preliminary injunction hearing indicates to this court that the dismissal of the plaintiffs' complaint was with prejudice. The trial court found that the plaintiffs "have no individual rights in this dispute" and that their

"position has been heard and adjudicated and is not available for further judicial action." The trial court also found that the plaintiffs' complaint was a collateral attack on the arbitrator's decision regarding the Union's compliance with the 50% prerequisite to the fair share implementation and that they "had no likelihood of success on the merits" in their cause.

It seems clear from these comments that the trial court envisioned that it was terminating the cause of action and, therefore, we believe that the dismissal was with prejudice. The fact that the trial court suggested that the plaintiffs were still free to challenge the arbitrator's decision by seeking to intervene in the complaint filed by the Clerk or pursue some other avenue does not alter the fact that the trial court believed that the present action was not viable.

Having found that this court has jurisdiction over the appeal, we must now consider whether the dismissal was proper. Plaintiffs' argument is that the trial court's dismissal order is void because they did not receive proper notice or have an opportunity to be heard. We find no merit to this argument.

■ Although it may have been error for the trial court to have entertained the motion to dismiss at the hearing on plaintiffs' motion for preliminary injunction (see *Alper Services, Inc. v. Wilson* (1980), 85 Ill. App. 3d 908, 407 N.E.2d 677), an order is not rendered void because of error or impropriety, but only by lack of jurisdiction. (*Vulcan Materials Co. v. Bee Construction* (1983), 96 Ill. 2d 159, 449 N.E.2d 812.) Moreover, in this case plaintiffs waived the error by failing to object to the court's ruling on the motion at the hearing and by failing to bring the issue to the attention of the trial court in the form of a motion to vacate.

Furthermore, even if plaintiffs had not waived the error, we would not find it necessary to reverse the dismissal since plaintiffs were not prejudiced by the cited errors. In this case plaintiffs' complaint sought injunctive relief, and the rationale set forth by plaintiffs in their complaint regarding their entitlement to this injunctive relief was identical to the rationale espoused in their motion for preliminary injunction. Thus, by having an opportunity to be heard on the matter of the preliminary injunction, plaintiffs fully and comprehensively argued the merits of their claim and were not prejudiced by the fact that they were not given a separate opportunity to be heard on the matter of the dismissal of their complaint.

Ironically, plaintiffs do not question the substantive merits of the trial court's decision to dismiss their complaint, but rather, plaintiffs next argue that the trial court erred by denying their motion for pre-

liminary injunction. This issue, however, is moot (*Gilpin v. American Federation of State, County, & Municipal Employees* (7th Cir. 1989), 875 F.2d 1310) and need not be addressed. Nevertheless, we shall address the issue of plaintiff's entitlement to declaratory and injunctive relief.

■ An injunction, whether preliminary or permanent, is an extraordinary remedy, the use of which is limited to those instances where the remedy at law is inadequate and serious irreparable harm would result without immediate relief. (*Sadat v. American Motors Corp.* (1984), 104 Ill. 2d 105, 115, 470 N.E. 2d 997.) Although the party seeking a preliminary injunction need not carry the same burden of proof as is necessary to support the issuance of a permanent injunction, in both instances the party must establish, through well-pled facts, that: (1) he possesses a clearly ascertainable right or protectable interest which will suffer irreparable damage in the absence of relief, and (2) he has an inadequate remedy at law. *Buzz Barton & Associates, Inc. v. Giannone* (1985), 108 Ill. 2d 373, 387, 483 N.E.2d 1271.

■ In the present case it is undisputed that the plaintiffs have a protectable interest in their salaries. However, plaintiffs failed to demonstrate the manner in which they would have suffered irreparable harm. At best, plaintiffs indicated that they would be deprived of a portion of their salaries during the pendency of the dispute between the Clerk's office and AFSCME. Such potential monetary damages do not amount to serious and irreparable harm.

More importantly, plaintiffs failed to show that they were without an adequate remedy at law. We agree with the trial court that plaintiffs did, in fact, have an adequate remedy at law of which they did not avail themselves. A procedure was set forth within the collective bargaining agreement whereby nonunion employees, such as plaintiffs here, could challenge fair share deductions through the State Labor Board. The collective bargaining agreement stated that "[o]bjections to the amount of fair share deductions shall be resolved by the Illinois Local Labor Relations Board according to its rules and regulations." We do not believe that this language limited the ability of nonunion employees to object to the fair share deduction strictly on the basis of the dollar figure, but rather provided nonunion employees, such as plaintiffs, with a means to challenge the propriety of the entire fair share fee, including the Union's need to comply with the membership prerequisite to the fair share deduction.

■ Lastly, we shall not disturb the trial court's ruling which allowed the State Federation to intervene in this action. A trial court

may exercise discretion in granting such a petition (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 415 N.E.2d 1034), and we do not find that in this instance it clearly abused its discretion in doing so.

For all the reasons cited above, we affirm the order of the trial court which denied the plaintiffs' motion for preliminary injunction and dismissed the complaint.

Affirmed.

GORDON and McNULTY, JJ., concur.