RICHARD A. KARTCH, Plaintiff-Appellant, v. RETIREMENT BOARD OF THE FIREMEN'S ANNUITY AND BENEFIT FUND OF CHICAGO, Defendant-Appellee.

First District (5th Division)   No. 1—93—2383

Opinion filed July 15, 1994.

Martin O. Holland, of Chicago, for appellant.

Steven J. Teplinsky and James R. Latta, both of Fagel & Haber, of Chicago, for appellee.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

This matter was brought as an administrative review of a final decision of the Retirement Board of the Firemen's Annuity and Benefit Fund of Chicago (Board) which denied Richard Kartch's (Kartch's) application for a minimum lifetime annuity.[1] The trial court affirmed the Board's decision and Kartch now appeals.

The facts of the case are as follows.[2]

On May 8, 1944, when Kartch was 28 years old, he became employed by the Chicago fire department. In October 1948 Kartch was struck by a car as he walked to work.[3] The injury was deemed to be an off-duty injury and, after receiving full salary for one year,

---

[1]During the pendency of this appeal, Richard Kartch died. Dorothy Kartch, Richard's widow and the duly appointed representative of Richard's estate, was granted leave to substitute as the plaintiff-appellant in this matter.

[2]The Board has filed a motion with this court to strike Kartch's statement of facts as violative of Supreme Court Rule 361 (134 Ill. 2d R. 361). The motion was taken with the case. Although we do not strike plaintiff's entire statement of fact, this court has considered, as we must, only those facts for which there is support in the record on appeal.

[3]Although there is no support in the record for this fact, the Board has admitted this as fact for the purposes of this appeal.

Kartch was granted an ordinary disability benefit of $132.35 per month for 2 years, 8 months and 11 days, in accordance with the applicable pension code. When his disability benefit terminated on June 14, 1952, Kartch was 37 years old and he had eight years, two months and six days of service credit in the Fireman's Annuity & Benefit Fund (Fireman's Fund or Fund). In addition, Kartch had made contributions to the Fund totaling $1,350. At this time Kartch was given the choice of obtaining a refund of his contributions or receiving a "term annuity" of $25 per month for 19 years, with a conditional "term annuity" for his wife, in the event that she survive him. Kartch elected the term annuity.

The term annuity expired by its own terms on June 14, 1971, and Kartch was informed at that time that, although his annuity lapsed, his wife would be entitled to an annuity upon his demise.[4] Kartch received no monies from the Fund after that time. Kartch did, however, continue to receive health care benefits through the City of Chicago retirees' health care plan until 1992.

On March 19, 1992, the comptroller of the City of Chicago (City) sent Kartch a letter stating that it had come to the City's attention that he was receiving medical coverage under the City's annuitant plan although he was no longer receiving an annuity from the Fireman's Fund. The letter further indicated that, due to the fact that the City's "Annuitant Medical Benefits Plan Document" did not extend benefits to individuals who were not receiving an age and service annuity, coverage for Kartch and his dependents would be terminated as of April 30, 1992.

Kartch sent a letter to the City dated May 4, 1992, requesting an appeal of the decision to cancel his health care benefits. In addition, Kartch contacted the Board and requested a hearing, alleging that his pension had been wrongfully terminated. A hearing was held on September 16, 1992, at which time Kartch's request for additional benefits was denied.

Kartch filed an action for administrative review of the Board's decision with the circuit court of Cook County. The court affirmed

---

[4]Kartch's brief makes reference to Dorothy Kartch's entitlement to future benefits as Kartch's widow. The Board filed a motion, *inter alia*, to strike all references to Dorothy from plaintiff's brief. We find, however, that these references were advanced as argument in support of Kartch's claim. Dorothy's entitlement to an annuity was never at issue. In fact, since Richard died while this appeal pended, Dorothy is currently receiving an annuity benefit from the Fund and her entitlement to this benefit is not at issue in this appeal.

the decision of the Board and it is from that order that Kartch brings this appeal.

On appeal Kartch contends that he was entitled to a lifetime annuity, that he "fell through the cracks" of the administrative maze, and that the Board wrongfully denied him benefits to which he became entitled by virtue of the Illinois Constitution of 1970. Specifically, Kartch presents the following arguments: (1) his entitlement to a retirement annuity should be analyzed in relation to the Pension Code in existence when the Illinois Constitution of 1970 became effective; (2) he is entitled to a retirement annuity for life; (3) Senate Bill 95 should have increased his retirement annuity to $475 per month effective January 1, 1990; (4) he is entitled to benefit from subsequent amendments to the Pension Code; (5) House Bill 2691 should have applied to Kartch because he was "retired" on September 23, 1991; (6) the express terms of sections 6—155, 6—128.1 and 6—128.2 of the Pension Code (40 ILCS 5/6—158, 6—128.1, 6—128.2 (West 1992)) show that the legislature intended to provide a minimum retirement annuity to persons such as Kartch; and (7) his claim is not barred by any Illinois statute of limitations.

Conversely, the Board argues that Kartch's rights vested and terminated prior to the effective date of the Illinois Constitution of 1970. The Board further argues, assuming *arguendo*, that the 1971 and 1990 amendments to the Pension Code could somehow be applicable to Kartch, they grant him nothing more than he already received. Finally, the Board maintains that Kartch's claim is barred by the five-year statute of limitations.

We feel it is appropriate to address the limitations issue first. On this issue the Board contends that, although this matter comes before the court on administrative review, Kartch is not actually challenging the Board's action taken in September 1992. Rather, he is actually challenging the Board's failure to apply the 1971 amendment of the Pension Code to him. Citing to *Kozak v. Retirement Board of the Fireman's Annuity & Benefit Fund* (1988), 170 Ill. App. 3d 1095, 524 N.E.2d 1049, the Board argues that Kartch is attempting to establish a new legal right and, for this reason, the five-year statute of limitations applies. (See 735 ILCS 5/13—205 (West 1992).) The Board concludes that Kartch is banned from pursuing his claim.

Kartch seeks to avoid the application of the five-year statute of limitations by alleging that his claim based upon Senate Bill 95 is a distinct cause of action which was unquestionably brought within the proper time frame. Kartch further maintains that the "discovery rule" should apply in this case. We find that we must agree with the Board's argument on this issue.

●1, 2 The discovery rule relating to the statute of limitations has been applied to alleviate what has been viewed as harsh results resulting from the literal application of the statute. The effect of the discovery rule is to postpone the commencement of the limitations period until such time as the party knows, or should have known, of his injury. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 414, 430 N.E.2d 976, 979.) "A plaintiff requesting application of the discovery rule must plead facts necessary to explain why the cause of action was not discovered sooner." (*Pratt v. Sears Roebuck & Co.* (1979), 71 Ill. App. 3d 825, 829, 390 N.E.2d 471, 475.) Kartch pleads no such facts. Kartch offers no explanation for his failure to raise the issue of his entitlement to further annuity benefits during the 20 years that elapsed between 1971, when his term annuity expired, and 1992, when he first requested a hearing on his entitlement to benefits pursuant to amendments to the Pension Code.

Finding that Kartch's cause of action is barred by the statute of limitations, we need not address the substantive issues raised in the appeal. Accordingly, we affirm the decision of the trial court.

Affirmed.

GORDON and COUSINS, JJ., concur.