NOTICE

Decision filed 01/30/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240576-U

NO. 5-24-0576

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| MIDWEST NEUROSURGEONS, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 23-LA-23 |
| | ) | |
| DCI BIOLOGICALS, INC., | ) | Honorable |
| | ) | Christy W. Solverson, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice McHaney and Justice Welch concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not err in granting the motion to dismiss the complaint because the claim is barred by the applicable statute of limitations.

¶ 2    Plaintiff, Midwest Neurosurgeons, LLC (Midwest), filed a breach of contract action against defendant, DCI Biologicals, LLC (DCI), seeking to recover the costs of medical services and treatment Midwest provided to DCI's employee, Cheri West (West). Midwest alleged that it was a third-party beneficiary to a settlement contract entered into by West and DCI, wherein West and DCI agreed to settle West's claim filed pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2008)). DCI filed a motion to dismiss pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2022)). The Jackson

1

County circuit court granted DCI's motion and dismissed Midwest's action because it was barred by the statute of limitations. Midwest appeals, and for the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On December 7, 2009, West sustained work-related injuries to her back. West filed a claim against her employer, DCI, pursuant to the Act, seeking benefits for her injuries. While her claim remained pending, West received medical care and treatment for her injuries at Midwest on various dates in 2010 and 2011.

¶ 5      On or about June 7, 2011, West and DCI entered into a settlement contract to resolve West's claim under the Act. The Illinois Workers' Compensation Commission approved the settlement contract on or about June 13, 2011. Neither West nor DCI filed a petition to review the Commission's approval of the settlement contract.

¶ 6      On March 27, 2023, Midwest filed a complaint for breach of contract. Midwest's complaint alleged that West sustained back injuries during the course of her employment with DCI. Midwest alleged that it was an intended third-party beneficiary of the settlement contract between West and DCI, wherein DCI agreed to "pay all causally related, reasonable and necessary medical bills incurred prior to the approval date of [the] settlement contract."

¶ 7      Midwest attached to its complaint a redacted copy of the settlement contract, which stated, "[DCI] agrees to pay [West] to accept [redacted] in full and final settlement of any and all claims relating to the Workers' Compensation Act for injuries incurred, known, or unknown, on a claims to date basis. This settlement resolves issues which exist as to the extent of [West's] injuries referable to her back, and whether said injury is compensable. A further issue exists whether [West] may require or be entitled to further medical, surgical, and hospital services under Section 8(a) of the Act, and [West] hereby waives

such right. [DCI] agrees to pay all causally related, reasonable and necessary medical bills incurred prior to the approval date of this settlement contract. Both parties agree that neither party shall have the right to re-open this settlement contract under Section 19(h) or any other section of the Act."

The complaint alleged that by entering into the settlement contract with West, DCI agreed "it was responsible for the payment for all causally related medical care and treatment for the injuries sustained *** by West and provided by [Midwest]." The complaint further asserted that DCI breached the settlement contract by not paying the amounts owed for medical care and treatment provided to West by Midwest. Midwest's complaint set forth that Midwest received payments for some of the medical care and treatment provided to West. However, some of West's charges remained unpaid, in whole or in part, and the unpaid charges totaled $56,825.20 plus interest. In support, Midwest referenced and attached a document that listed the date of service for the medical care and treatment West received at Midwest, the total amount billed for services, the insurance payments Midwest received, and the balance owed. Further, the complaint alleged Midwest did not discover the settlement contract between West and DCI until February 2022.

¶ 8    On June 12, 2023, DCI entered a general appearance and filed a motion to dismiss pursuant to sections 2-615 and 2-619 of the Code, arguing *inter alia*, that Midwest failed to state a claim for relief. DCI's motion to dismiss was accompanied by a memorandum in support, which alleged that even if Midwest had sufficiently stated a claim for breach of contract in its complaint, the complaint should be dismissed based on the applicable statute of limitations of 10 years as the alleged breach of contract occurred more than 10 years ago. In addition, DCI argued that Midwest did not properly allege that the 10-year statute of limitations should be tolled due to Midwest's inability to discover the cause of action.

3

¶ 9    On June 22, 2023, Midwest responded to the motion to dismiss and argued that its complaint sufficiently alleged that it was an intended third-party beneficiary to the settlement contract between DCI and West because the complaint pled that DCI agreed to "pay all causally related, reasonable and necessary medical bills incurred prior to the approval date of [the] settlement contract." According to Midwest, DCI's express agreement to pay West's medical bills, including those West incurred for treatments provided by Midwest, established that DCI and, by extension, West, intended to make Midwest an intended third-party beneficiary to the settlement contract. Additionally, Midwest argued that it fulfilled its burden under the discovery rule by pleading that it discovered the settlement contract between West and DCI in February 2022. Moreover, Midwest claimed that when it provided medical care and treatment to West, it informed West that although she might be responsible for the costs of care and treatment, Midwest would first attempt to collect from DCI. Midwest argued that neither West nor DCI disclosed the existence of the settlement contract, which is the basis for Midwest's cause of action.

¶ 10    In its reply, DCI argued that Midwest's claim of being a third-party beneficiary was insufficient because it was merely conclusory. Additionally, DCI argued that Midwest failed to provide any additional facts explaining why Midwest took over 10 years to discover the existence of the settlement contract. DCI argued that Midwest only pled one conclusory allegation: "it did not discover the settlement [contract] until … February 2022." DCI argued that this allegation was insufficient to invoke the discovery rule to toll the statute of limitations.

¶ 11    On October 4, 2023, the circuit court held a hearing[1] on the motion to dismiss and took the matter under advisement. On March 20, 2024, the circuit court issued a written order granting DCI's motion to dismiss. The circuit court found that Midwest failed to state a claim. In addition, the

[1]The record on appeal does not contain a transcript from the hearing on the motion to dismiss held on October 4, 2023.

4

circuit court found that the statute of limitations barred Midwest's claim. On March 24, 2024, Midwest filed a notice of appeal.

¶ 12                                    II. ANALYSIS

¶ 13      On appeal, Midwest raises two issues: (1) whether the circuit court erred when it granted DCI's motion to dismiss on the grounds that Midwest failed to plead sufficient facts to support a showing that the settlement contract between West and DCI intended to benefit them, and (2) whether the circuit court erred when it granted DCI's motion to dismiss on the grounds that Midwest's claim is barred by the statute of limitations.

¶ 14      As a reviewing court, we have a duty to consider *sua sponte* whether we have jurisdiction and to dismiss an appeal if it lacks jurisdiction. *In re Marriage of Link*, 362 Ill. App. 3d 191, 192 (2005). Midwest sought to appeal under Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017) on the basis that Midwest was appealing a final order.

¶ 15      "Generally, appellate jurisdiction exists only to review final orders." *D'Agostino v. Lynch*, 382 Ill. App. 3d 639, 641 (2008). "An order is said to be final if it disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof, such as a claim in a civil case." (Internal quotation marks omitted.) *Id.* It is well settled that dismissal orders based upon a technical legal deficiency in the pleadings, or upon a matter that can be fixed by filing an amended pleading or a new lawsuit, are not final and appealable. *Arnold Schaffner, Inc. v. Goodman*, 73 Ill. App. 3d 729, 731 (1979). On the other hand, dismissal orders based upon a substantive legal deficiency are final. *Schal Bovis, Inc. v. Casualty Insurance Co.*, 314 Ill. App. 3d 562, 568 (1999).

¶ 16      Here, the dismissal order at issue did not specify whether the dismissal was with or without prejudice. The effect of a dismissal order is determined by its substance. See *McMann v. Pucinski*,

5

218 Ill. App. 3d 101, 106 (1991). DCI's memorandum in support of its motion to dismiss requested the circuit court dismiss Midwest's complaint with prejudice. Accordingly, we construe the March 20, 2024, order granting the defendant's motion to dismiss as a dismissal with prejudice. See *Buchanan v. Legan*, 2017 IL App (3d) 170037, ¶ 25. Moreover, the circuit court found, *inter alia*, that the statute of limitations barred Midwest's claim. See *McMann*, 218 Ill. App. 3d at 106. As we have jurisdiction to consider the final order, we turn to the dismissal based on the statute of limitations.

¶ 17    When a circuit court dismisses a complaint, we review the circuit court's decision *de novo*. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55. Upon doing so, we accept all well pleaded facts in a complaint as true, drawing reasonable inferences from the facts presented in favor of the nonmoving party. *Northwestern Illinois Area Agency on Aging v. Basta*, 2022 IL App (2d) 210234, ¶ 33. Equally important, as a reviewing court, we assess the circuit court's judgment rather than its rationale, meaning we can affirm the circuit court's decision for any reason supported by the record, regardless of the basis cited by the circuit court. *D'Attomo v. Baumbeck*, 2015 IL App (2d) 140865, ¶ 30.

¶ 18    Under Illinois law, a 10-year statute of limitations is applicable to written contracts. 735 ILCS 5/13-206 (West 2022). Ordinarily, the statute of limitations begins to run at the time of the breach of contract, not when a party sustains damages. *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 77 (1995). It is undisputed that the complaint was filed more than 10 years after the settlement contract was entered into.

¶ 19    In its complaint and on appeal, Midwest argues that it did not discover the settlement contract between DCI and West until February 2022. According to Midwest, the aforementioned allegation is sufficient to trigger the discovery rule. In response, DCI argues that Midwest failed to

6

plead enough facts to trigger its application. Specifically, DCI argues that Midwest did not allege facts explaining why it could not have discovered the settlement contract sooner. Nor did Midwest suggest that it could plead the facts necessary to explain its delay in discovering the settlement contract. For these reasons, DCI argues that the discover rule does not apply.

¶ 20   The discovery rule has been applied on a case-by-case basis. *Id.* Further, it is well settled that a plaintiff must prove the date of the discovery of its loss to invoke the discovery rule and delay the commencement of the applicable statute of limitations. *Indiana Insurance Co. v. Machon & Machon, Inc.*, 324 Ill. App. 3d 300, 304 (2001). Furthermore, a plaintiff must plead sufficient facts to explain why the case of action was not discovered earlier. *Kartch v. Retirement Board of Firemen's Annuity & Benefit Fund of Chicago*, 265 Ill. App. 3d 618, 622 (1994).

¶ 21   When applied, the discovery rule " 'delays the commencement of the relevant statute of limitations until the plaintiff knows or reasonably should know that [it] has been injured and that [its] injury was wrongfully caused.' " *Hermitage Corp.*, 166 Ill. 2d at 77 (quoting *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 158 Ill. 2d 240, 249 (1994)). In the instant case, Midwest alleged that it did not discover the settlement contract until February 2022, but provided no information as to why it was not, or could not, have been discovered earlier.

¶ 22   Midwest failed to meet its burden to invoke the discovery rule and delay the commencement of the applicable statute of limitations. See *Indiana Insurance Co.*, 324 Ill. App. 3d at 304. Equally important, Midwest did not seek to amend its complaint and must fall on the sufficiency of the stricken pleading. *Bajwa v. Metropolitan Life Insurance Co.*, 208 Ill. 2d 414, 435 (2004). Given this determination, this court need not reach the remaining issues raised by Midwest. *Galloway v. Diocese of Springfield in Illinois*, 367 Ill. App. 3d 997, 998 (2006).

7

¶ 23                                  III. CONCLUSION

¶ 24     Based on the foregoing, we hold that the circuit court did not err when it granted DCI's

motion to dismiss because Midwest's claim was barred by the applicable statute of limitations.

Therefore, we affirm the order of the circuit court of Jackson County.


¶ 25     Affirmed.